UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20 CR 210 JAR |
| ROBERT LEWIS, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL (DOC. #68)**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and in support of its Response to Defendant's Motion to Compel (Doc. #68) states as follows:

**Procedural History Regarding Motion to Compel**

On or about June 25, 2021, counsel for defendant Lewis submitted a request to the Government for "a copy of the group text message thread between SLMPD Officers Narez, Boone, Strain, Biggins, Griggs, and McInerny and any other discovery that speaks to Narez's bias, motive, eagerness to assault suspects, racism, and/or dishonesty." On June 29, 2021, counsel for the defendant sent an email to the Government reiterating the request. On June 30, 2021, the Government responded to counsel for the defendant indicating that it had reviewed the text thread in question, did not believe the evidence to be subject to disclosure, but, in an abundance of caution, would be seeking the District Court's review to determine whether or not they were (a) subject to disclosure and/or (b) admissible at trial.

Despite the Government's representation that it would be seeking the Court's *ex parte*

1

review of the evidence, counsel for the defendant prematurely filed a Motion to Compel on July 2, 2021 (Doc. #68).  On July 12, 2021, the Government filed its *Ex Parte* Motion for *In Camera* Review of the contested materials (Doc. #69), to which it attached the entirety of the text message thread for the Court's review in an abundance of caution.

## Argument

This Court should deny defendant's Motion to Compel as moot.  The Government takes its discovery obligations very seriously, and has complied with them throughout the duration of defendant's case.  As portions of the text thread had appeared in public filings as well as some publications, defense counsel was aware of the materials at issue.   St. Louis Metropolitan Police Officer (SLMPD) Christopher Narez has not been and is not anticipated to be a Government witness in this case. Upon defense counsel's request for the aforementioned group text message thread, undersigned counsel obtained the text messages at issue from the First Assistant United States Attorney who had them in connection with her prosecution of *United States v. Dustin Boone, et al.*, 4:18-CR-975-CDP, a case with which neither counsel for the Government in the instant case had any involvement. The Government has since thoughtfully examined the text messages and submitted them to this Court for review, even though Officer Narez has never been called as a witness on behalf of the Government, nor does the Government intent to call him as a witness at trial.

Defendant's belief that he is entitled to any materials that could potential constitute impeachment evidence for St. Louis Metropolitan Police Department (SLMPD) Officer Christopher Narez is predicated on defendant's assertion that the witnesses called at the Evidentiary Hearing on its Motion to Suppress Evidence relied on Narez's hearsay statement in effecting their arrest of defendant Lewis on February 16, 2020 (Doc. #68, p. 3) such that Narez's

own credibility, despite never being called as a witness by the Government, was in question. In fact, in the context of the facts elicited during the Evidentiary Hearing, the Magistrate Judge held that "…even before Lewis ran away, police already had reasonable suspicion sufficient to justify a brief investigatory stop of Lewis.  Lewis' decision to run away gave the pursuing officers *additional reasonable suspicion, if not probable cause*, to detain and search him." (Doc. #54, p. 13) citing *Freeman v. Adams*, No. 1:12CV86 SNLJ, 2014 WL 1056760, at *10 (E.D. Mo. March 19, 2014)(emphasis added).  Simply stated, Lewis' flight divorced the initial investigation, which was predicated partially on Narez's hearsay but observed by other officers called to testify, from the analysis regarding any Fourth Amendment violation.  It formed an independent basis for Lewis' seizure that did not involve Officer Narez's previous hearsay or investigation.  Defendant conveniently omits these findings, which were subsequently adopted by this Court, in his Motion to Compel.  (Doc. #62).

Lastly, defendant's reliance on two Supreme Court cases, which are not at all analogous to the present case, is entirely misplaced.  In *Miller v. Pate*, 386 U.S. 1 (1967), the prosecution, *knowing* prior to trial that a stain on a pair of shorts that were crucial to securing a conviction was, in fact, paint and *not* blood, had the conviction overturned when it repeatedly argued throughout its case that the stain on the shorts *was* blood. *Id*. at 6.  The Government cannot imagine a scenario in which that series of facts relates to the instant issue regarding text messages of a non-testifying witness that predate the instant offense conduct by at least two years.

In *Green v. Georgia*, 422 U.S. 95 (1979), the Court held that a conviction must be overturned when the prosecution actively sought to exclude evidence that a *co-defendant* admitting to committing a murder during the trial of the arguably less-culpable defendant who had only participated in the abduction of the victim, and not the subsequent murder.  *Id.* at 97. Again, this

3

scenario is completely distinguishable from the facts at issue.

The text message thread at issue was admissible in the trial of defendant Dustin Boone and Christopher Meyers because, among other reasons, Boone himself made the statements, he was charged with violations of federal law involving excessive force, and the statements he made were related to the use of excessive force.  Officer Christopher Narez is not a defendant, nor is he a testifying witness.  Counsel for the defendant makes the blanket, unsupported statement that the Government is "…hiding from the defense and from this Court that its arresting officer has a documented history of racism and unlawfully targeting black suspects in cases involving tasers." (Doc. 68, p. 11).  There is simply no support for this inflammatory assertion, made in a public pleading, especially given that the Government represented to counsel *before* the filing of its Motion to Compel that it would and subsequently has submitted text messages to this Court for review.

## Conclusion

WHEREFORE, the Government respectfully requests this Court enter an Order denying defendant's Motion to Compel (Doc. #68) as premature in light of the pending Motion for *In Camera* Review that is presently before this Court.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Angie.Danis@usdoj.gov
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of July, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon counsel for the defendant.

                                          */s/ Angie E. Danis*
                                          ANGIE E. DANIS, #64805MO
                                          Assistant United States Attorney