UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:20-CR-00210-JAR |
| | ) | |
| | ) | |
| ROBERT LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION FOR *IN CAMERA* REVIEW AND MOTION *IN LIMINE* TO EXCLUDE POTENTIAL IMPEACHMENT OF A GOVERNMENT WITNESS

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Geoffrey S. Ogden and Angie E. Danis, Assistant United States Attorneys for said District, and states the following in support of its motion for *in camera* review and motion *in limine*:

## INTRODUCTION

The Government has in its possession information obtained in response to its *Giglio* request for Government witness, ████████████████████████████, regarding an allegation ██████████████ ultimately determined to be unfounded.  Given the finding that the allegation was unfounded, the Government seeks a ruling from this Court that the incident need not be disclosed to the defense.

### A. Facts

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

1

**B. This Court Should Not Require Disclosure of This Incident to Defense Counsel Because It Does Not Constitute the Subject of Proper Impeachment as a Specific Instance of Conduct For the Purpose of Attacking the Witness' Character for Truthfulness.**

"Under *Giglio,* 'the government must disclose matters that affect the credibility of prosecution witnesses.'" *United States v. Huggans*, 650 F.3d 1210, 1226 n8 (8th Cir. 2011), *quoting United States v. Morton,* 412 F.3d 901, 906 (8th Cir.2005).   Although there were allegations that Officer Shoults was untruthful or dishonest during the course of his application with the Missouri State Highway Patrol, these allegations were acted upon, but then ultimately reversed and found not to be substantiated.

Additionally, this incident is remote in time and completely irrelevant to the issues in the instant case.  The incident occurred nearly four years prior to the arrest giving rise to the trial in the above-captioned matter.  *See Bell v. Gonzales*, 2005 WL 3555490 (D.C. Cir. 2005) (finding that substantive evidence pertaining to an eight-year-old Office of Professional Responsibility proceeding that individual "lacked candor" during the investigation had little relevance to character

2

for truthfulness at present).  *See United States v. Dabney*, 498 F.3d 455 (7th Cir. 2007) (affirming trial court's ruling that the government need not turn over records regarding unsubstantiated allegations of misconduct against Chicago Police officers as well as the decision not to do an *in camera* review of the records because defendant failed to show that they contained admissible impeachment evidence because extrinsic evidence is not admissible to prove specific conduct attacking a witness).  Because this incident does not constitute proper impeachment, it is not relevant and therefore, disclosure to defense counsel of this private personnel matter is not warranted.  Furthermore, this incident should not be disclosed because it is irrelevant to the case at bar and is not *Giglio*  material.

**C.**    **Disclosure of This Incident to Defense Counsel is also Not Warranted Because Cross-Examination on this Issue at Trial is Not Proper Impeachment Under Federal Rule of Evidence 608(b) and the Probative Value of this Incident is Substantially Outweighed by its Prejudicial Effect for Purposes of Federal Rule of Evidence 403.**

Federal Rule of Evidence 608(b) provides:

**Specific instances of conduct.**  Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court ***may***, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

Even if the Court exercises its discretion and finds the instance to be probative of untruthfulness, "the decision whether to admit his evidence on cross-examination is within the discretion of the district court and subject to the limitations of Rule 403." *Firemen's Fund Insurance Co. v. Thien*, 63 F.3d 754, 760 (8th Cir. 1995). "Under Rule 403 of the Federal Rules of Evidence, 'although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."

*Id.* (citing Rule 403)    Further "'unfair prejudice [under rule 403] means an undue tendency to suggest decision on an improper basis, commonly, although not necessarily, an emotional one. Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues." *Id.*

In *United States v. Lopez*, 944 F. 2d 33, 38 (1st Cir. 1991), the First Circuit approved the use of both Rules 403 and 608(b) to deny cross examination on a credibility assessment made by another judge.   "Moreover while potentially probative of the trustworthiness of the officer's testimony, the credibility assessment made by the presiding judge at an unrelated trial would have entailed grave risk that the jury might abnegate its exclusive responsibility to determine the credibility of testimony given by the officer at appellant's trial."  Where *Lopez* involved an actual finding regarding credibility, the instant case involves unsubstantiated allegations.  *See also United States v. Novaton*, 271 F.3d 968, 1004-07 (11th Cir. 2001) (excluding cross examination of officer's involvement in prior complaint because it was unproven and pending, thus would be substantially more prejudicial than probative).

In *United States v. Cruz*, 894 F.2d 41, 43 (2d Cir. 1990) the court excluded cross examination of an officer (Perez) from a transcript in which a judge (Judge Korman) in an unrelated case found the officer's testimony not to be credible.   "In the absence of any connection between the subject of Perez' testimony in Bisbicus [prior case] and his testimony in the case at bar, it cannot be said that Judge Korman's findings in the former is relevant in any way to a resolution of the issues in Olivier [instant case];" *United States v. Crowley*, 318 F.3d 401, 417-18 (2d Cir. 2003) (excluding cross-examination into witness's alleged lying because voir dire established that the witness would deny the accusation, and a mere denial would have little probative value). As in *Crowley*, ▓▓▓▓▓▓ will deny any untruthfulness in the prior instance.

4

Because, as stated below, 608(b) bars the introduction of extrinsic evidence, the only evidence available to the factfinder will be ████████████ denial.  Like *Crowley*, this limited evidence could result in the prejudicial impact of engendering jury speculation about these officers, which would far outweigh the minimal probative value of a mere denial of untruthfulness. *Crowley,* 318 F.3d at 418; *see also United States Carr*, 67 F.3d 171, 175(8th Cir. 1995) (evidence of unrelated criminal action a week earlier would invite unwarranted speculation and could confuse the issues and mislead the jury).

Therefore, this Court should exercise its discretion under Rules 608(b) and 403 to deny cross-examination of ████████████ on this incident and further rule that disclosure is not warranted.

**D.  If the Court Orders Disclosure Of These Incidents to Defense Counsel, They Should Be Subject To A Protective Order Prohibiting Disclosure Beyond The Defense Attorneys Themselves**

In the event the Court concludes (contrary to the arguments made above and contrary to the application of Federal Rules of Evidence 608(b) and 403 set forth above) that disclosure of the incident described above is appropriate, the Government respectfully requests that it be allowed to do so by letter describing the incident as opposed to producing the documents obtained pursuant to the Government's request for *Giglio* information. ████████████ has a privacy interest in these personnel matters and the unsubstantiated allegations regarding him which he adamantly denies.

In the alternative, if the Court feels that disclosure of the actual documentation is required, the Government requests that the documents be subject to a protective order restricting their disclosure to defense counsel only and prohibiting dissemination of this sensitive information.

Pursuant to this Court's Order dated September 15, 2021, an unredacted copy of this Motion has been filed *ex parte* and under seal as <u>Exhibit 1</u> and the relevant portion of the

documents received pursuant to the Government's request for *Giglio* information related to ▮▮▮▮▮ ▮▮▮▮▮ as been filed *ex parte* and under seal as Exhibit 2.

      **WHEREFORE,** the Government respectfully requests that this Court grant its motion for *in camera* review and motion *in limine* as described above.

                        Respectfully submitted,

                        SAYLER A. FLEMING
                        United States Attorney

                        */s/ Angie E. Danis*
                        ANGIE E. DANIS, #64805MO
                        GEOFFREY S. OGDEN, #66930MO
                        Assistant United States Attorneys
                        111 South 10th Street, Room 20.333
                        St. Louis, MO 63102
                        (314) 539-2200

## **CERTIFICATE OF SERVICE**

I hereby certify that on this __16th__ day of September, a redacted copy the foregoing document was filed and served upon counsel of record using the Court's electronic notification system.

 */s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney